UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CYNTHIA BELL,

    *Plaintiff*,

v.

UNITED DAIRY & BAKERY
WORKERS LOCAL 87,

    *Defendant*.
    _____/

CASE NO. 12-CV-13772

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because Plaintiff has failed to state a claim upon which relief can be granted.[1]

**II.   REPORT**

    **A.    Introduction**

On August 27, 2012, Plaintiff Cynthia Bell, a citizen of Saginaw, Michigan, filed this *pro se* action alleging that Defendant United Dairy and Bakery Workers Local 87 ("the Union") failed to help her after her employment with Pinnacle Foods was terminated in August 2010. Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis*

---

[1] In the event that this Report and Recommendation is adopted, the following pending motion will be moot: Plaintiff's Application for Appointment of Counsel. (Doc. 3.)

statute, 28 U.S.C. § 1915(a)(1), and the case was referred to the undersigned magistrate judge for pretrial proceedings. After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

### B.     Screening Procedure

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). In 1996, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

### C.     The Complaint

In its entirety, Plaintiff's complaint consists of the following allegation:

> My union of 27 years allowed Pinnacle Foods (Vlasic) to terminate me via Federal Express mail while I was off work for 4 days, without any written warning, notices, meeting, verbal warning, explanation, citation of any broken rule or wrongdoing. There are rules we are supposed to follow. I paid 8.00 plus weekly for union dues. I filed a grievance when I received the termination letter and I did everything I was told by union, [such] as getting records, bringing in things to defend myself. It is 2 yrs later and nothin [sic] has happened to help me. Exhibit A-1 is the grievance filed on my behalf. I would like to be made whole, which comes to over $100,000.00 in wages, benifits [sic], mental anguish, pain and suffering.

(Compl., Doc. 1 at 1-2.) Attached to the complaint are the following documents: Plaintiff's termination letter from Pinnacle Foods Group LLC; a two-page grievance alleging "unjust

2

discipline" and "unjust termination"; a signed response stating that the grievance was denied because "grievant was discharged for claiming unemployment benefits inappropriately"; several pages from the Collective Bargaining Agreement ("CBA") between Pinnacle Foods and the Union; several pages from a company rule book; and three pages of health benefits documentation. (*Id.* at 3-18.)

### D. Standard of Review

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

### E. Analysis & Conclusion

Plaintiff is *pro se* and does not state the legal basis for her claim. Nevertheless, from the Court's review of the complaint, it appears that Plaintiff is alleging a breach of the duty of fair representation against the defendant Union stemming from Plaintiff's allegedly wrongful

3

termination. These allegations could be construed as a hybrid action combining a statutory breach of contract claim against an employer with a judicially created duty of fair representation claim against a union. *See Vaca v. Sipes*, 386 U.S. 171, 185-87, 87 S. Ct. 903, 17 L. Ed. 2d 842 (1967). To recover against either the employer or the union, a plaintiff must show both that (i) the employer breached the collective bargaining agreement and (ii) the union breached its duty of fair representation. *Roeder v. American Postal Workers Union, AFL-CIO*, 180 F.3d 733, 737 (6th Cir. 1999); *Black v. Ryder/PIE Nationwide, Inc.*, 15 F.3d 573, 583-84 (6th Cir. 1994); *Bagsby v. Lewis Bros., Inc.*, 820 F.2d 799, 801 (6th Cir. 1987).

"A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190. Proof of bad faith is found if the union acts "with an improper intent, purpose, or motive . . . encompass[ing] fraud, dishonesty, and other intentionally misleading conduct." *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 619 (6th Cir. 2010) (citations and internal quotation marks omitted). A plaintiff arguing a breach of duty of fair representation claim under the discrimination prong must provide "substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives." *Id*. (citation omitted). A union acts arbitrarily if its conduct is "so far outside a wide range of reasonableness" that it is "wholly irrational." *Id*. (citing *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 78, 111 S. Ct. 1127, 113 L. Ed. 2d 51 (1991)).

A union's duty of fair representation may also be breached if the union ignores a complaint or processes a grievance in a careless or perfunctory manner. *Ruzicka v. General Motors Corp.*, 523 F.2d 306, 311-12 (6th Cir. 1975). However, "a union does not breach its duty of fair

4

representation, and thereby open up a suit by the employee for breach of contract, merely because it settled the grievance short of arbitration." *Vaca*, 386 U.S. at 192.

In this case, while Plaintiff complains vaguely that it has been two years since the denial of the initial grievance and "nothin has happened to help [her]," she alleges no facts suggesting that the Union's conduct has been arbitrary, discriminatory, or in bad faith. Plaintiff does not allege that the Union failed to further pursue the grievance denial to the next level, let alone that it did so due to an improper motive or in a perfunctory manner. Pursuant to *Twombly*, *supra*, the factual allegations of a complaint must state a claim to relief that is "plausible on its face." *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). Here, Plaintiff has failed to do so. Accordingly, I suggest that the case be *sua sponte* dismissed because has failed to state a claim for breach of the duty of fair representation.

I further suggest that the case is subject to *sua sponte* dismissal because, even if Plaintiff had alleged sufficient facts, the claim is barred by the statute of limitations. It is well established that a six-month statute of limitations applies to an unfair representation suit. *See DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 173, 103 S. Ct. 2281, 76 L. Ed. 2d 476 (1983). The limitations period begins to run when the employee knew or should have known of the alleged breach of the duty of fair representation. *See Wilson v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 83 F.3d 747, 757 (6th Cir. 1996); *Chrysler Workers Ass'n v. Chrysler Corp.*, 834 F.2d 573, 578 (6th Cir. 1987). The six-month period applies whether the employee sues the employer, the union, or both. *DelCostello*, 462 U.S. at 165.

In this case, the documents Plaintiff attached to the complaint show that the grievance was denied by the company on August 25, 2010, which was two days after it was filed on Plaintiff's

behalf by the Union. (Compl. at 6.) The CBA provides that "[a]ny grievance not referred further by the Union . . . within five (5) work days of the Company's written disposition shall be considered settled on the basis of the last Company answer . . . ." (Compl. at 9.) Assuming Plaintiff is correct that nothing more was done after the written disposition from the company on August 25, 2010, the grievance was therefore "settled" on August 30, 2010. Plaintiff, however, waited almost two years since that date to file this action. Accordingly, I suggest that *sua sponte* dismissal is also warranted for failure to file suit within the six-month limitations period.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                   s/ *Charles E Binder*
                                                   CHARLES E. BINDER
Dated: September 17, 2012                 United States Magistrate Judge

## CERTIFICATION

       I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Cynthia Bell, 1955 Mack Rd., Saginaw, MI, 48601; and served on District Judge Ludington in the traditional manner.

Date: September 17, 2012                 By     s/*Jean L. Broucek*
                                                            Case Manager to Magistrate Judge Binder