UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CYNTHIA BELL,

                    Plaintiff,

v.                                            Case Number 12-CV-13772
                                            Honorable Thomas L. Ludington

UNITED DAIRY & BAKERY
WORKERS LOCAL 87,

                    Defendant.
_____/

**ORDER ADOPTING REPORT
AND RECOMMENDATION AND DISMISSING COMPLAINT**

      This matter is before the Court on the report and recommendation (ECF No. 6) issued by

Magistrate Judge Charles E. Binder on September 17, 2012, recommending the case be

dismissed. Plaintiff Cynthia Bell's pro se complaint brings a single claim against Defendant

United Dairy & Bakery Workers Local 87. In its entirety, Plaintiff's complaint consists of the

following allegation:

> My union of 27 years allowed Pinnacle Foods (Vlasic) to terminate me via
> Federal Express mail while I was off work for 4 days, without any written
> warning, notices, meeting, verbal warning, explanation, citation of any broken
> rule or wrongdoing. There are rules we are supposed to follow. I paid 8.00 plus
> weekly for union dues. I filed a grievance when I received the termination letter
> and I did everything I was told by union, [such] as getting records, bringing in
> things to defend myself. It is 2 yrs later and nothin[g] has happened to help me.
> Exhibit A-1 is the grievance filed on my behalf. I would like to be made whole,
> which comes to over $100,000.00 in wages, ben[e]fits, mental anguish, pain and
> suffering.

Compl. 1–2. Attached to the complaint is a two-page grievance alleging "unjust discipline" and

"unjust termination."

Plaintiff filed the complaint in August 2012. The case was then referred to Magistrate Judge Charles Binder for general case management pursuant to 28 U.S.C. § 636.

On September 17, 2012, Judge Binder issued a report recommending that the complaint be dismissed on the Court's own initiative pursuant to 28 U.S.C. § 1915 for not stating a claim on which relief can be granted. Noting that the complaint does not expressly identify which cause of action Plaintiff asserts, Judge Binder construed the allegations as alleging a breach of the duty of fair representation. *See Vaca v. Sipes*, 386 U.S. 171, 185–87 (1967). In Vaca, the Supreme Court established: "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 190. Judge Binder observes that "while Plaintiff complains vaguely that it has been two years since the denial of the initial grievance and 'nothin has happened to help [her],' she alleges no facts suggesting that the Union's conduct has been arbitrary, discriminatory, or in bad faith." Report & Recommendation 5 (brackets in original) (quoting Compl. 1)). Additionally, Judge Binder notes, "even if Plaintiff had alleged sufficient facts, the claim is barred by the statute of limitations. It is well established that a six-month statute of limitations applies to an unfair representation suit." Id. (citing *DelCostello v. Int'l Bd. of Teamsters*, 462 U.S. 151, 173 (1983)).

On September 19, 2012, Plaintiff filed a single objection to the report and recommendation. ECF No. 7. She writes:

> I do feel I have been wrong[ed] by my union. When they allowed the company to terminate me without following the contract rules. In my initial complaint I filed I included copies of the collective bargaining agreement showing the company breached it when it failed to use proper procedure by not first disciplining me or giving me a written warning or union representation before terminating me.

Pl.'s Objection 1. The district court will make a "de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

Plaintiff's objection lacks merit. It does not address the lack of facts in the complaint suggesting that the Union's conduct was arbitrary, discriminatory, or in bad faith. It does not address the statute of limitations bar. It does not demonstrate any error in the report and recommendation.

Additionally, Plaintiff has moved for the appointment of counsel. "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Harrington v. Ann Arbor VA Hosp.*, 10-13788-BC, 2011 WL 2435344, at *1 (E.D. Mich. June 16, 2011) (quoting *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir.1993)). This case, an ordinary labor dispute, does not present exceptional circumstances justifying appointment of counsel.

Accordingly, it is **ORDERED** that Judge Binder's report and recommendation (ECF No. 6) is **ADOPTED**.

It is further **ORDERED** that Plaintiff's objection (ECF No. 7) is **OVERRULED**.

It is further **ORDERED** that Plaintiff's motion for  appointment of counsel (ECF No. 3) is **DENIED**.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

Dated: October 9, 2012

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**<u>PROOF OF SERVICE</u>**

The undersigned certifies that a copy of the foregoing order was served upon Cynthia Bell at 1955 Mack Road, Saginaw, MI 48601by first class U.S. mail on October 9, 2012.

<u>s/Tracy A. Jacobs</u>
TRACY A. JACOBS